FILED
United States Court of Appeals
Tenth Circuit

February 7, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WARREN D. WATSON,

     Plaintiff - Appellant,

v.

MATTHEW KILLOUGH, P.A.;
CORRECTIONAL HEALTHCARE
SOLUTIONS; YASEMIN TAYLOR,
Nurse; JANE DOE, Nurse; KATHRYN
TETREAULT, LPN - Licensed Practical
Nurse; CATHERINE ROWE, Nurse,

    Defendants - Appellees.

No. 18-1335
(D.C. No. 1:16-CV-02595-RBJ-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Plaintiff Warren D. Watson appeals from the entry of summary judgment against

him by the United States District Court for the District of Colorado. The district court

ruled that Plaintiff failed to exhaust his administrative remedies as required under the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

Plaintiff, a Colorado prisoner proceeding pro se, filed a complaint against Correctional Healthcare Solutions and its personnel at the Jefferson County Detention Facility (JCDF) in Golden, Colorado, including Nurse Yasemin Taylor, Nurse Catherine Rowe, Nurse Kathryn Tetreault, and Physician's Assistant Matthew Killough (Defendants).  Plaintiff alleged that Defendants acted with deliberate indifference to his medical needs, in violation of the Fourteenth Amendment.  These allegations arose out of a series of medical requests by Plaintiff over the final eight months of his pretrial detention at the JCDF.  In February 2015 Plaintiff submitted his first of five medical requests—known as medical "kites"—relating to a growth around his knee.  According to Plaintiff, Defendants saw him several times but failed to adequately treat the growth before he was transferred to a different facility, allowing the swelling to worsen and to cause chronic pain and limited mobility.  Plaintiff claims that if Defendants had adequately treated him, he would not have had to wait until August 2016 to undergo surgery to fix this malady.

Plaintiff's complaint is governed by the PLRA, which requires that "[n]o action . . . be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Here, the relevant process for administrative remedies is found in the JCDF Inmate

2

Handbook, which provides a process to bring grievances for "abuse, harassment, abridgement of civil rights or denial of specific privileges." R., Vol. 1 at 459. Under this process an inmate must send a kite to an on-duty sergeant within five days of the incident, so that the sergeant may attempt to resolve the issue informally. If the sergeant cannot resolve the issue and the complaint meets certain grievance requirements, a grievance will be issued, at which point the inmate has 24 hours to formally submit it. Once the staff investigates the grievance and responds in writing, the inmate has five days to appeal.

Defendants moved for summary judgment for failure to exhaust administrative remedies, arguing that Plaintiff did not follow the grievance procedure for civil-rights violations outlined in the Inmate Handbook. Plaintiff responded that the relevant grievance process was a different one—briefly mentioned in the Inmate Handbook—that governed grievances about medical services. The district court granted the motion for summary judgment, reasoning that it was irrelevant whether the civil-rights or medical-services grievance procedure applied because Plaintiff did not follow either procedure. That is, Plaintiff never submitted any sort of grievance, only sending medical kites to request treatment for the swelling around his knee.

## II.   DISCUSSION

We review de novo the district court's grant of summary judgment for failure to exhaust. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because

Plaintiff is acting pro se, we construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff concedes on appeal that he did not follow the Handbook procedures for filing civil-rights grievances or medical-services grievances. He argues, however, that his failure to exhaust should be excused. First, he argues that the procedural requirements for filing a grievance were unclear and contradictory. We reject the argument. Not only is Plaintiff factually wrong (the appropriate procedures are, in fact, clearly delineated in the Handbook), but also he failed to preserve this argument below, *see FDIC v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999) ("[W]hen a litigant fails to raise an issue below in a timely fashion and the court below does not address the merits of the issue, the litigant has not preserved the issue for appellate review.").

Plaintiff next contends that his failure to follow the appropriate procedures should be excused because he was transferred to a different facility in October 2015, soon after his final request for medical attention. But as the district court explained, Plaintiff could have filed a grievance after any of his meetings with medical personnel in the eight months before his transfer. And even if a grievance about his final visit with medical personnel might have seemed futile in the days leading up to his transfer, the apparent futility of a grievance procedure is not an excuse for failing to exhaust that procedure. *See Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001) (courts "will not read futility or other exceptions into statutory exhaustion requirements").

## III. CONCLUSION

We **AFFIRM** the district court's entry of summary judgment. We **GRANT** Plaintiff's motion for extension of time to file his reply brief and his motion to proceed *in forma pauperis*. We remind Plaintiff that this status "eliminates only the need for prepayment of the filing fee. [He] remains obligated to pay the filing fee in monthly installments." *Rachel v. Troutt*, 820 F.3d 390, 399 (10th Cir. 2016); *see* 28 U.S.C. § 1915(b)(1).

Entered for the Court


Harris L Hartz
Circuit Judge